UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

REGINALD AUGUSTE,

      Plaintiff,

v.

NINGBO SYMAY ELECTRICAL APPLIANCES
ENTERPRISE CO., LTD, AMAZON.COM
SERVICES, LLC, AMAZON.COM, INC., AND
WHOLE FOODS MARKET GROUP, INC,

      Defendant.

_____/

DOCKET NO.

**COMPLAINT**

Plaintiff, REGINALD AUGUSTE, by and through undersigned counsel, sues Defendants, NINGBO SYMAY ELECTRICAL APPLIANCES ENTERPRISE CO., LTD ("Ningbo"), AMAZON.COM SERVICES, LLC ("Amazon"), AMAZON.COM, INC. ("Amazon.Com") and WHOLE FOODS MARKET GROUP, INC, ("Whole Foods"), and alleges as follows:

<u>**General Allegations**</u>

1.   This Court has jurisdiction over the subject matter presented by this Complaint pursuant to 28 U.S.C. 1332 (a)(1) because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and diversity of citizenship exists between the parties.

2.   Plaintiff, at all times material hereto is and was a citizen of the State of New York.

3.   That at all times material hereto, Defendant Ningbo was and is a Chinese corporation headquartered in Zhejiang, China.

4.   Defendant Ningbo is subject to the jurisdiction of this Court because it operates, conducts, engages in, or carries on a business or business venture within this State; caused injury to persons or property arising out of an act or omission it committed in the State; manufactures, processes or services products or materials which are used within this State in the ordinary course of commerce, trade, or use; or engages in substantial and not isolated activity within this State.

5.     That at all times material hereto, Defendant Amazon was and is a Delaware corporation with its principal place of business in Seattle, WA.

6.     Defendant Amazon is subject to the jurisdiction of the Court because it operated, conducts, engages in, or carries on a business or business venture within this State; caused injury to persons or property arising out of an act or omission it committed in the State; manufactures, processes or services products or material which are used within this State in the ordinary course of commerce, trade, or use; or engages in substantial and not isolated activity within this State.

7.     That at all times material hereto, Defendant Amazon.com was and is a Delaware corporation with its principal place of business in Seattle, WA.

8.     Defendant Amazon is subject to the jurisdiction of the Court because it operated, conducts, engages in, or carries on a business or business venture within this State; caused injury to persons or property arising out of an act or omission it committed in the State; manufactures, processes or services products or material which are used within this State in the ordinary course of commerce, trade, or use; or engages in substantial and not isolated activity within this State.

9.     That at all times material hereto, Defendant Whole Foods was and is a Delaware corporation with its principal place of business in Austin, TX.

10.     Defendant Amazon is subject to the jurisdiction of the Court because it operated, conducts, engages in, or carries on a business or business venture within this State; caused injury to persons or property arising out of an act or omission it committed in the State; manufactures, processes or services products or material which are used within this State in the ordinary course of commerce, trade, or use; or engages in substantial and not isolated activity within this State.

11.     Venue is proper under 28 U.S.C. § 1402 because the Plaintiff, resides within the Eastern District of New York's jurisdiction.

**FACTUAL BACKGROUND**

12. On or about July 1, 2024, Plaintiff purchased a Teglu Single Serve Coffee Maker ("Coffee Maker").

13. Upon information and belief, at all relevant times, Defendant Ningbo is and was the designer, manufacturer, producer, distributor, vendor, seller of and/or marketing entity for the Coffee Maker.

14. Upon information and belief, at all relevant times, Defendant Amazon is and was the designer, manufacturer, producer, distributor, vendor, seller of and/or marketing entity for the Coffee Maker.

15. Upon information and belief, at all relevant times, Defendant Amazon.com is and was the designer, manufacturer, producer, distributor, vendor, seller of and/or marketing entity for the Coffee Maker.

16. Upon information and belief, at all relevant times, Defendants Ningbo, and/or Amazon tested and/or inspected the Coffee Maker in order to ensure that it was free from defects and safe for consumer use.

17. On or before July 16, 2024, Plaintiff purchased Allegro coffee pods ("Coffee Pods") from Whole Foods.

18. Upon information and belief, at all relevant times, Defendant Whole Foods is and was the designer, manufacturer, producer, distributor, vendor, seller of and/or marketing entity for the Coffee Pods.

19. Upon information and belief, at all relevant times, Defendant Amazon.com is and was the designer, manufacturer, producer, distributor, vendor, seller of and/or marketing entity for the Coffee Pods.

20. Upon information and belief, at all relevant times, Defendants Whole Foods and/or Amazon.com tested and/or inspected the Coffee Pods in order to ensure that they was free from

defects and safe for consumer use.

21.    The Coffee Maker is an electric kitchen appliance designed to be used for efficient preparation of coffee.  The product is designed to brew coffee by heating up water inside a pot that produces steam and scalds the water. The resulting temperatures produced are expected to pass the scalding water through the coffee grounds in order to drip coffee.

22.    The Coffee Pods are designed to be used within the single serve coffee makers.

23.    On or about July 16, 2024, Plaintiff was using the Coffee Maker with the Coffee Pods and followed instructions enclosed with the Coffee Maker.

24.    While using the Coffee Maker to brew coffee, it suddenly and without warning exploded while Coffee Maker was brewing coffee, causing scalding hot liquid, contents, and steam to fly out of the Coffee Maker and onto Plaintiff.

25.    The Coffee Maker had not been misused and had not been modified post-sale before it failed.

26.    The Coffee Pods had not been misused and had not been modified post-sale before it failed.

27.    As a direct and proximate result of the explosion of the Coffee Maker and defective Coffee Pod, and the expulsion of scalding contents therefrom, Plaintiff suffered severely painful and disfiguring second degree burns to the body, and resulting pain and suffering, discoloration and hyperpigmentation to the body, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

### COUNT I – PRODUCTS/STRICT LIABILITY AGAINST NINGBO SYMAY ELECTRICAL APPLIANCES ENTERPRISE CO., LTD

28.      Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-27 as if fully set

forth herein.

29.     At all relevant times, Defendant Ningbo was in the business of designing, manufacturing, inspecting, testing, distributing, selling and/or marketing coffee makers and did design, manufacture, inspect, test, distribute, sell and/or market the coffee maker giving rise to the subject Complaint.

30.     The coffee maker failed to perform in a manner reasonably expected in light of its nature and intended function when it failed and caused severe injuries.

31.     The coffee maker had not been misused post-sale before it failed.

32.     The coffee maker was within its anticipated useful life when it failed.

33.     The coffee maker failure was such that would not have occurred in the absence of a defect or unreasonably dangerous condition within it.

34.     Specifically, the coffee maker was unreasonably dangerous and/or defective in that:

a.     it was dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases and/or uses it, with the ordinary knowledge common to the community as to its characteristics; and/or

b.     a reasonably prudent manufacturer would not have put it on the market assuming that manufacturer knew of its dangerous condition.

35.     That unreasonably dangerous condition and/or defect proximately caused injury including severely painful and disfiguring burns to the face, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment.

36.     Therefore, Defendant NINGBO is liable to Plaintiff for the aforementioned injuries caused by the defective coffee maker.

**WHEREFORE**, Plaintiff, REGINALD AUGUSTE, demands judgment against Defendant, Ningbo Symay Electrical Appliances Enterprise Co., Ltd, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

## COUNT II – NEGLIGENCE AGAINST NINGBO SYMAY ELECTRICAL APPLIANCES ENTERPRISE CO., LTD

37.    Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-27 as if fully set forth herein.

38.    Defendant Ningbo owed Plaintiff, as well as the public at large, the duty of reasonable care in designing, manufacturing, testing, inspecting, distributing, selling and/or marketing the coffee maker, and/or to adequately warn of dangers presented by the product's design.

39.    Defendant Ningbo knew, or in the existence of ordinary care, should have known, that the coffee maker was defective and unreasonably dangerous to those persons likely to use the product for the purpose and in the manner for which it was intended to be used.

40.    Alternatively, Defendant Ningbo knew, or in the exercise of ordinary care should have known, of the means of designing, manufacturing and/or marketing the coffee maker such that the type of incident and resulting injuries and damages as described herein would have been prevented.

41.    Alternatively, Defendant Ningbo had actual or constructive knowledge of the means of designing a coffee maker that would not be inadequate and dangerous, and notwithstanding this knowledge, Defendant Ningbo failed to adequately design, equip and/or manufacture the coffee maker.

42.    Alternatively, Defendant Ningbo negligently failed to give adequate or proper warnings or instructions, and/or failed to make appropriate post-marketing efforts to prevent known incidents, such as the one included herein.

43.    Alternatively, Defendant Ningbo failed to prudently design, manufacture, test, inspect, market and/or sell the coffee maker, and/or failed to include a reasonable and safer alternative to the subject defective condition.

44.    As a direct and proximate result of Defendant Ningbo's negligence, Plaintiff suffered injury including severely painful and disfiguring burns to the face, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

**WHEREFORE**, Plaintiff, REGINALD AUGUSTE, demands judgment against Defendant, Ningbo Symay Electrical Appliances Enterprise Co., Ltd, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

<u>COUNT III – BREACH OF EXPRESS WARRANTY AGAINST NINGBO SYMAY ELECTRICAL APPLIANCES ENTERPRISE CO., LTD</u>

45.     Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-27 as if fully set forth herein.

46.     Defendant Ningbo designed, manufactured, assembled, distributed, inspected, tested and/or sold the coffee maker.

47.     Defendant Ningbo expressly warranted that the coffee maker was safe for ordinary use when used in compliance with the instructions provided.

48.     Defendant Ningbo's affirmations regarding the safety of its product formed a basis of the bargain for Plaintiff without which Plaintiff would not have purchased and/or used the coffee maker.

49.     The coffee maker did not conform to Defendant Ningbo's affirmations regarding safety.

50.     As a direct and proximate result of Defendant Ningbo's breach of express warranties, Plaintiff suffered injury including severely painful and disfiguring burns to the face, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

**WHEREFORE**, Plaintiff, REGINALD AUGUSTE, demands judgment against Defendant, Ningbo Symay Electrical Appliances Enterprise Co., Ltd, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

<u>COUNT IV – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY AGAINST NINGBO SYMAY ELECTRICAL APPLIANCES ENTERPRISE CO., LTD</u>

51.     Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-27 as if fully set forth herein.

52.     Defendant Ningbo at all relevant times designed, manufactured, assembled, tested, inspected, distributed, marketed and/or sold the coffee maker.

53.     Defendant Ningbo impliedly warranted that the coffee maker was merchantable, fit for the ordinary purpose for which it was sold or used, was of fair average quality as to pass without objection in the trade, and conformed to Defendant's own affirmations regarding the coffee maker's safety features and overall safe condition.

54.     Defendant Ningbo breached their implied warranty of merchantability, as the product did not conform to Defendant's affirmations regarding the safety features and overall safe condition of the coffee maker, the coffee maker was not fit for the ordinary purpose for which it was sold or used, and/or was not of fair average quality so as to pass without objection in the trade.

55.     As a direct and proximate result of Defendant Ningbo's breach of the implied warranty of merchantability, Plaintiff suffered injury including severely painful and disfiguring burns to the face, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

**WHEREFORE**, Plaintiff, REGINALD AUGUSTE, demands judgment against Defendant, Ningbo Symay Electrical Appliances Enterprise Co., Ltd, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

### COUNT V – BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE AGAINST NINGBO SYMAY ELECTRICAL APPLIANCES ENTERPRISE CO., LTD

56.     Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-27 as if fully set forth herein.

57.     Defendant Ningbo designed, manufactured, assembled, tested, inspected, distributed, marketed and/or sold the coffee maker.

58.     In selling the coffee maker to Plaintiff, Defendant Ningbo, through its agents, servants, employees, and apparent agents, acting within the scope of their employment, authority, or apparent authority, made representations and promotions concerning the particular purpose to which Plaintiff would put the coffee maker to use and knew or should have known of the particular purpose to which Plaintiff would put the product to use.  Defendant impliedly warranted that the product would be fit for such

particular purpose.

59.    Defendant Ningbo breached its implied warranty of fitness for a particular purpose, as the coffee maker did not conform to Defendant Ningbo's affirmations regarding its product being fit for such particular purpose.   The coffee maker's malfunctioning safety features and overall unsafe condition rendered it unfit for that purpose.

60.    As a direct and proximate result of Defendant Ningbo's breach of the implied warranty of fitness for a particular purpose, Plaintiff suffered injury including severely painful and disfiguring burns to the face, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

**WHEREFORE**, Plaintiff, REGINALD AUGUSTE, demands judgment against Defendant, Ningbo Symay Electrical Appliances Enterprise Co., Ltd, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

### COUNT VI – PRODUCT LIABILITY - FAILURE TO WARN AGAINST NINGBO SYMAY ELECTRICAL APPLIANCES ENTERPRISE CO., LTD

61.    Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-27 as if fully set forth herein.

62.    Defendant, Ningbo, designed, manufactured, assembled, tested, inspected, distributed, marketed and/or sold the coffee maker.

63.    On or about July 16, 2024, Plaintiff used the coffee maker in the manner intended and/or foreseeably intended, when the coffee maker failed, exploded and/or otherwise caused injury to Plaintiff.

64.    Upon information and belief, the coffee maker was manufactured in a defective manner, was defectively designed, failed to have adequate and proper warnings or instructions, was not safe to be used for the purposes intended, and/or was inherently and/or unreasonably dangerous.

65.    Defendant, Ningbo, knew or should have known of the dangerous nature of the coffee maker by virtue of its business, and/or knew or should have known of the need to provide adequate warnings concerning the use of the coffee maker.

66.     Defendant, Ningbo, had a duty to provide reasonable warning of the danger involved in the use of the coffee maker and failed to provide the public, including Plaintiff, notice of the danger involved.

67.     As a direct and proximate result of the foregoing, Plaintiff suffered injury including severely painful and disfiguring burns to the body, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

**WHEREFORE**, Plaintiff, REGINALD AUGUSTE, demands judgment against Defendant, Ningbo Symay Electrical Appliances Enterprise Co., Ltd, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

### COUNT VII – PRODUCT LIABILITY - DESIGN DEFECT AGAINST NINGBO SYMAY ELECTRICAL APPLIANCES ENTERPRISE CO., LTD

68.     Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-27 as if fully set forth herein.

69.     Defendant, Ningbo, designed, manufactured, assembled, tested, inspected, distributed, marketed and/or sold the coffee maker.

70.     On or about July 16, 2024, Plaintiff used the coffee maker in the manner intended and/or foreseeably intended, when the coffee maker failed, exploded and/or otherwise caused injury to Plaintiff.

71.     Upon information and belief, the coffee maker was defectively designed and was not safe to be used for the purposes intended, to make a coffee and was unreasonably dangerous when it left the possession of the Defendant.

72.     Defendant, Ningbo, knew or should have known similar products designed by Defendant are the same, and they all have a design feature that is in itself defective and dangerous.

73.     Defendant, Ningbo, had a duty to provide reasonable warning of the danger involved in the use of the coffee maker and failed to provide the public, including Plaintiff, notice of the danger involved.

74.     As a direct and proximate result of the foregoing, Plaintiff suffered injury including severely painful and disfiguring burns to the body, and resulting pain and suffering, disability, mental

anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

**WHEREFORE**, Plaintiff, REGINALD AUGUSTE, demands judgment against Defendant, NINGBO SYMAY ELECTRICAL APPLIANCES ENTERPRISE CO., LTD, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

<u>**COUNT VIII – PRODUCT LIABILITY - MANUFACTURING DEFECT AGAINST NINGBO SYMAY ELECTRICAL APPLIANCES ENTERPRISE CO., LTD**</u>

75.     Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-27 as if fully set forth herein.

76.     Defendant, Ningbo, designed, manufactured, assembled, tested, inspected, distributed, marketed and/or sold the coffee maker.

77.     On or about July 16, 2024, Plaintiff used the coffee maker in the manner intended and/or foreseeably intended, when the coffee maker failed, exploded and/or otherwise caused injury to Plaintiff.

78.     Upon information and belief, the coffee maker was manufactured in a defective manner and was not safe to be used for the purposes intended, to make coffee and was unreasonably dangerous to consumers, including Plaintiff.

79.     Defendant, Ningbo, knew or should have known of the dangerous nature of the coffee maker when Defendant placed the coffee maker into the stream of commerce.

80.     Defendant, Ningbo, had a duty to provide reasonable warning of the danger involved in the use of the coffee maker and failed to provide the public, including Plaintiff, notice of the danger involved.

81.     As a direct and proximate result of the foregoing, Plaintiff suffered injury including severely painful and disfiguring burns to the body, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

<u>**COUNT XI – PRODUCTS/STRICT LIABILITY AGAINST AMAZON.COM SERVICES, LLC**</u>

82.    Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-27 as if fully set forth herein.

83.    At all relevant times, Defendant Amazon. was in the business of designing, manufacturing, inspecting, testing, distributing, selling and/or marketing coffee makers and did design, manufacture, inspect, test, distribute, sell and/or market the coffee maker giving rise to the subject Complaint.

84.    The coffee maker failed to perform in a manner reasonably expected in light of its nature and intended function when it failed and caused severe injuries.

85.    The coffee maker had not been misused post-sale before it failed.

86.    The coffee maker was within its anticipated useful life when it failed.

87.    The coffee maker failure was such that would not have occurred in the absence of a defect or unreasonably dangerous condition within it.

88.    Specifically, the coffee maker was unreasonably dangerous and/or defective in that:

a.    it was dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases and/or uses it, with the ordinary knowledge common to the community as to its characteristics; and/or

b.    a reasonably prudent manufacturer would not have put it on the market assuming that manufacturer knew of its dangerous condition.

89.    That unreasonably dangerous condition and/or defect proximately caused injury including severely painful and disfiguring burns to the face, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment.

90.    Therefore, Defendant Amazon is liable to Plaintiff for the aforementioned injuries caused by the defective coffee maker.

**WHEREFORE**, Plaintiff, REGINALD AUGUSTE, demands judgment against Defendant, Amazon, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

## COUNT X – NEGLIGENCE AGAINST AMAZON.COM SERVICES, LLC

91.     Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-27 as if fully set forth herein.

92.     Defendant Amazon owed Plaintiff, as well as the public at large, the duty of reasonable care in designing, manufacturing, testing, inspecting, distributing, selling and/or marketing the coffee maker, and/or to adequately warn of dangers presented by the product's design.

93.     Defendant Amazon knew, or in the existence of ordinary care, should have known, that the coffee maker was defective and unreasonably dangerous to those persons likely to use the product for the purpose and in the manner for which it was intended to be used.

94.     Alternatively, Defendant Amazon knew, or in the exercise of ordinary care should have known, of the means of designing, manufacturing and/or marketing the coffee maker such that the type of incident and resulting injuries and damages as described herein would have been prevented.

95.     Alternatively, Defendant Amazon had actual or constructive knowledge of the means of designing a coffee maker that would not be inadequate and dangerous, and notwithstanding this knowledge, Defendant Amazon failed to adequately design, equip and/or manufacture the coffee maker.

96.     Alternatively, Defendant Amazon negligently failed to give adequate or proper warnings or instructions, and/or failed to make appropriate post-marketing efforts to prevent known incidents, such as the one included herein.

97.     Alternatively, Defendant Amazon failed to prudently design, manufacture, test, inspect, market and/or sell the coffee maker, and/or failed to include a reasonable and safer alternative to the subject defective condition.

98.     As a direct and proximate result of Defendant Amazon's negligence, Plaintiff suffered injury including severely painful and disfiguring burns to the face, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

**WHEREFORE**, Plaintiff, REGINALD AUGUSTE, demands judgment against Defendant, Amazon, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

<b><u>COUNT XI – BREACH OF EXPRESS WARRANTY AGAINST<br>AMAZON.COM SERVICES, LLC</u></b>

99.     Plaintiff realleges and reasserts the allegations contained in Paragraphs 1-27 as if fully set forth herein.

100.     Defendant Amazon designed, manufactured, assembled, distributed, inspected, tested and/or sold the coffee maker.

101.     Defendant Amazon expressly warranted that the coffee maker was safe for ordinary use when used in compliance with the instructions provided.

102.     Defendant Amazon's affirmations regarding the safety of its product formed a basis of the bargain for Plaintiff without which Plaintiff would not have purchased and/or used the coffee maker.

103.     The coffee maker did not conform to Defendant Amazon's affirmations regarding safety.

104.     As a direct and proximate result of Defendant Amazon's breach of express warranties, Plaintiff suffered injury including severely painful and disfiguring burns to the face, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

**WHEREFORE**, Plaintiff, REGINALD AUGUSTE, demands judgment against Defendant, Amazon, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

<b><u>COUNT XII – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY<br>AGAINST AMAZON.COM SERVICES, LLC</u></b>

105.     Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-27 as if fully set forth herein.

106.     Defendant Amazon at all relevant times designed, manufactured, assembled, tested, inspected, distributed, marketed and/or sold the coffee maker.

107. Defendant Amazon impliedly warranted that the coffee maker was merchantable, fit for the ordinary purpose for which it was sold or used, was of fair average quality as to pass without objection in the trade, and conformed to Amazon's own affirmations regarding the coffee maker's safety features and overall safe condition.

108. Defendant Amazon breached their implied warranty of merchantability, as the product did not conform to Defendant Amazon's affirmations regarding the safety features and overall safe condition of the coffee maker, the coffee maker was not fit for the ordinary purpose for which it was sold or used, and/or was not of fair average quality so as to pass without objection in the trade.

109. As a direct and proximate result of Defendant Amazon's breach of the implied warranty of merchantability, Plaintiff suffered injury including severely painful and disfiguring burns to the face, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

WHEREFORE, Plaintiff, REGINALD AUGUSTE, demands judgment against Defendant, Amazon, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

### COUNT XIII – BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE AGAINST AMAZON.COM SERVICES, LLC

110. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-27 as if fully set forth herein.

111. Defendant Amazon designed, manufactured, assembled, tested, inspected, distributed, marketed and/or sold the coffee maker.

112. In selling the coffee maker to Plaintiff, Defendant Amazon, through its agents, servants, employees, and apparent agents, acting within the scope of their employment, authority, or apparent authority, made representations and promotions concerning the particular purpose to which Plaintiff would put the coffee maker to use and knew or should have known of the particular purpose to which Plaintiff would put the product to use.  Defendant Amazon impliedly warranted that the product would be fit for

such particular purpose.

113.    Defendant Amazon breached its implied warranty of fitness for a particular purpose, as the coffee maker did not conform to Defendant Amazon's affirmations regarding its product being fit for such particular purpose.  The coffee maker's malfunctioning safety features and overall unsafe condition rendered it unfit for that purpose.

114.    As a direct and proximate result of Defendant Amazon's breach of the implied warranty of fitness for a particular purpose, Plaintiff suffered injury including severely painful and disfiguring burns to the face, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

**WHEREFORE**, Plaintiff, REGINALD AUGUSTE, demands judgment against Defendant, Amazon, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

### COUNT XIV – FAILURE TO WARN AGAINST AMAZON.COM SERVICES, LLC

115.    Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-27 as if fully set forth herein.

116.    Defendant Amazon designed, manufactured, assembled, tested, inspected, distributed, marketed and/or sold the coffee maker.

117.    On or about July 16, 2024, Plaintiff used the coffee maker in the manner intended and/or foreseeably intended, when the coffee maker failed, exploded and/or otherwise caused injury to Plaintiff.

118.    Upon information and belief, the coffee maker was manufactured in a defective manner, was defectively designed, failed to have adequate and proper warnings or instructions, was not safe to be used for the purposes intended, and/or was inherently and/or unreasonably dangerous.

119.    Defendant Amazon knew or should have known of the dangerous nature of the coffee maker by virtue of its business, and/or knew or should have known of the need to provide adequate warnings concerning the use of the coffee maker.

120.    Defendant Amazon had a duty to provide reasonable warning of the danger involved in the

use of the coffee maker and failed to provide the public, including Plaintiff, notice of the danger involved.

121. As a direct and proximate result of the foregoing, Plaintiff suffered injury including severely painful and disfiguring burns to the face, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

**WHEREFORE**, Plaintiff, REGINALD AUGUSTE, demands judgment against Defendant, Amazon, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

<u>**COUNT XV – PRODUCT LIABILITY - FAILURE TO WARN AGAINST AMAZON.COM SERVICES, LLC**</u>

122. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-27 as if fully set forth herein.

123. Defendant, Amazon, designed, manufactured, assembled, tested, inspected, distributed, marketed and/or sold the coffee maker.

124. On or about July 16, 2024, Plaintiff used the coffee maker in the manner intended and/or foreseeably intended, when the coffee maker failed, exploded and/or otherwise caused injury to Plaintiff.

125. Upon information and belief, the coffee maker was manufactured in a defective manner, was defectively designed, failed to have adequate and proper warnings or instructions, was not safe to be used for the purposes intended, and/or was inherently and/or unreasonably dangerous.

126. Defendant, Amazon, knew or should have known of the dangerous nature of the coffee maker by virtue of its business, and/or knew or should have known of the need to provide adequate warnings concerning the use of the coffee maker.

127. Defendant, Amazon, had a duty to provide reasonable warning of the danger involved in the use of the coffee maker and failed to provide the public, including Plaintiff, notice of the danger involved.

128. As a direct and proximate result of the foregoing, Plaintiff suffered injury including

severely painful and disfiguring burns to the body, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

**WHEREFORE**, Plaintiff, REGINALD AUGUSTE, demands judgment against Defendant, Amazon, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

<u>**COUNT XVI – PRODUCT LIABILITY - DESIGN DEFECT**</u>
<u>**AGAINST AMAZON.COM SERVICES, LLC**</u>

129.   Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-27 as if fully set forth herein.

130.   Defendant, Amazon, designed, manufactured, assembled, tested, inspected, distributed, marketed and/or sold the coffee maker.

131.   On or about July 16, 2024, Plaintiff used the coffee maker in the manner intended and/or foreseeably intended, when the coffee maker failed, exploded and/or otherwise caused injury to Plaintiff.

132.   Upon information and belief, the coffee maker was defectively designed and was not safe to be used for the purposes intended, to make a coffee  and was unreasonably dangerous when it left the possession of the Defendant.

133.   Defendant, Amazon, knew or should have known similar products designed by Defendant are the same, and they all have a design feature that is in itself defective and dangerous.

134.   Defendant, Amazon, had a duty to provide reasonable warning of the danger involved in the use of the coffee maker and failed to provide the public, including Plaintiff, notice of the danger involved.

135.   As a direct and proximate result of the foregoing, Plaintiff suffered injury including severely painful and disfiguring burns to the body, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

**WHEREFORE**, Plaintiff, REGINALD AUGUSTE, demands judgment against Defendant, Amazon, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

### COUNT XVII – PRODUCT LIABILITY - MANUFACTURING DEFECT AGAINST AMAZON.COM SERVICES, LLC

136. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-27 as if fully set forth herein.

137. Defendant, Amazon, designed, manufactured, assembled, tested, inspected, distributed, marketed and/or sold the coffee maker.

138. On or about July 16, 2024, Plaintiff used the coffee maker in the manner intended and/or foreseeably intended, when the coffee maker failed, exploded and/or otherwise caused injury to Plaintiff.

139. Upon information and belief, the coffee maker was manufactured in a defective manner and was not safe to be used for the purposes intended, to make coffee and was unreasonably dangerous to consumers, including Plaintiff.

140. Defendant, Amazon, knew or should have known of the dangerous nature of the coffee maker when Defendant placed the coffee maker into the stream of commerce.

141. Defendant, Amazon, had a duty to provide reasonable warning of the danger involved in the use of the coffee maker and failed to provide the public, including Plaintiff, notice of the danger involved.

142. As a direct and proximate result of the foregoing, Plaintiff suffered injury including severely painful and disfiguring burns to the body, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

**WHEREFORE**, Plaintiff, REGINALD AUGUSTE, demands judgment against Defendant, Amazon, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

### COUNT XVIII – PRODUCTS/STRICT LIABILITY AGAINST WHOLE FOODS

143. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-27 as if fully set

forth herein.

144.   At all relevant times, Defendant Whole Foods was in the business of designing, manufacturing, inspecting, testing, distributing, selling and/or marketing coffee pods and did design, manufacture, inspect, test, distribute, sell and/or market the coffee pods giving rise to the subject Complaint.

145.   The coffee pods failed to perform in a manner reasonably expected in light of its nature and intended function when it failed and caused severe injuries.

146.   The coffee pods had not been misused post-sale before it failed.

147.   The coffee pods was within its anticipated useful life when it failed.

148.   The coffee pods failure was such that would not have occurred in the absence of a defect or unreasonably dangerous condition within it.

149.   Specifically, the coffee pod was unreasonably dangerous and/or defective in that:

a.   it was dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases and/or uses it, with the ordinary knowledge common to the community as to its characteristics; and/or

b.   a reasonably prudent manufacturer would not have put it on the market assuming that manufacturer knew of its dangerous condition.

150.   That unreasonably dangerous condition and/or defect proximately caused injury including severely painful and disfiguring burns to the face, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment.

151.   Therefore, Defendant Whole Foods is liable to Plaintiff for the aforementioned injuries caused by the defective coffee pods.

**WHEREFORE**, Plaintiff, REGINALD AUGUSTE, demands judgment against Defendant, WHOLE FOODS, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

## COUNT XIX – NEGLIGENCE AGAINST WHOLE FOODS

152.   Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-27 as if fully set

forth herein.

153.    Defendant Whole Foods owed Plaintiff, as well as the public at large, the duty of reasonable care in designing, manufacturing, testing, inspecting, distributing, selling and/or marketing the coffee pods, and/or to adequately warn of dangers presented by the product's design.

154.    Defendant Whole Foods knew, or in the existence of ordinary care, should have known, that the coffee pod was defective and unreasonably dangerous to those persons likely to use the product for the purpose and in the manner for which it was intended to be used.

155.    Alternatively, Defendant Whole Foods knew, or in the exercise of ordinary care should have known, of the means of designing, manufacturing and/or marketing the coffee pods such that the type of incident and resulting injuries and damages as described herein would have been prevented.

156.    Alternatively, Defendant Whole Foods had actual or constructive knowledge of the means of designing a coffee pod that would not be inadequate and dangerous, and notwithstanding this knowledge, Defendant Whole Foods failed to adequately design, equip and/or manufacture the coffee pods.

157.    Alternatively, Defendant Whole Foods negligently failed to give adequate or proper warnings or instructions, and/or failed to make appropriate post-marketing efforts to prevent known incidents, such as the one included herein.

158.    Alternatively, Defendant Whole Foods failed to prudently design, manufacture, test, inspect, market and/or sell the coffee pods, and/or failed to include a reasonable and safer alternative to the subject defective condition.

159.    As a direct and proximate result of Defendant Whole Foods's negligence, Plaintiff suffered injury including severely painful and disfiguring burns to the face, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

**WHEREFORE**, Plaintiff, REGINALD AUGUSTE, demands judgment against Defendant, WHOLE FOODS, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

## COUNT XX – BREACH OF EXPRESS WARRANTY AGAINST WHOLE FOODS

160.    Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-27 as if fully set forth herein.

161.    Defendant Whole Foods designed, manufactured, assembled, distributed, inspected, tested and/or sold the coffee pods.

162.    Defendant Whole Foods expressly warranted that the coffee pod was safe for ordinary use when used in compliance with the instructions provided.

163.    Defendant Whole Foods's affirmations regarding the safety of its product formed a basis of the bargain for Plaintiff without which Plaintiff would not have purchased and/or used the coffee pods.

164.    The coffee pods did not conform to Defendant Whole Foods's affirmations regarding safety.

165.    As a direct and proximate result of Defendant Whole Foods's breach of express warranties, Plaintiff suffered injury including severely painful and disfiguring burns to the face, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

WHEREFORE, Plaintiff, REGINALD AUGUSTE, demands judgment against Defendant, WHOLE FOODS, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

## COUNT XXI – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY AGAINST WHOLE FOODS

166.    Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-27 as if fully set forth herein.

167.    Defendant Whole Foods at all relevant times designed, manufactured, assembled, tested, inspected, distributed, marketed and/or sold the coffee pods.

168.    Defendant Whole Foods impliedly warranted that the coffee pod was merchantable, fit for the ordinary purpose for which it was sold or used, was of fair average quality as to pass without objection

in the trade, and conformed to Defendant's own affirmations regarding the coffee pod's safety features and overall safe condition.

169.    Defendant Whole Foods breached their implied warranty of merchantability, as the product did not conform to Defendant's affirmations regarding the safety features and overall safe condition of the coffee pods, the coffee pod was not fit for the ordinary purpose for which it was sold or used, and/or was not of fair average quality so as to pass without objection in the trade.

170.    As a direct and proximate result of Defendant Whole Foods's breach of the implied warranty of merchantability, Plaintiff suffered injury including severely painful and disfiguring burns to the face, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

WHEREFORE, Plaintiff, REGINALD AUGUSTE, demands judgment against Defendant, WHOLE FOODS, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

### COUNT XXII – BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE AGAINST WHOLE FOODS

171.    Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-27 as if fully set forth herein.

172.    Defendant Whole Foods designed, manufactured, assembled, tested, inspected, distributed, marketed and/or sold the coffee pods.

173.    In selling the coffee pods to Plaintiff, Defendant Whole Foods, through its agents, servants, employees, and apparent agents, acting within the scope of their employment, authority, or apparent authority, made representations and promotions concerning the particular purpose to which Plaintiff would put the coffee pods to use and knew or should have known of the particular purpose to which Plaintiff would put the product to use.  Defendant impliedly warranted that the product would be fit for such particular purpose.

174.    Defendant Whole Foods breached its implied warranty of fitness for a particular purpose,

as the coffee pods did not conform to Defendant Whole Foods's affirmations regarding its product being fit for such particular purpose. The coffee pod's malfunctioning safety features and overall unsafe condition rendered it unfit for that purpose.

175.    As a direct and proximate result of Defendant Whole Foods's breach of the implied warranty of fitness for a particular purpose, Plaintiff suffered injury including severely painful and disfiguring burns to the face, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

**WHEREFORE**, Plaintiff, REGINALD AUGUSTE, demands judgment against Defendant, WHOLE FOODS, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

## COUNT XXIII – PRODUCT LIABILITY - FAILURE TO WARN AGAINST WHOLE FOODS

176.    Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-27 as if fully set forth herein.

177.    Defendant, Whole Foods, designed, manufactured, assembled, tested, inspected, distributed, marketed and/or sold the coffee pods.

178.    On or about July 16, 2024, Plaintiff used the coffee pods in the manner intended and/or foreseeably intended, when the coffee pods failed, exploded and/or otherwise caused injury to Plaintiff.

179.    Upon information and belief, the coffee pods was manufactured in a defective manner, was defectively designed, failed to have adequate and proper warnings or instructions, was not safe to be used for the purposes intended, and/or was inherently and/or unreasonably dangerous.

180.    Defendant, Whole Foods, knew or should have known of the dangerous nature of the coffee pods by virtue of its business, and/or knew or should have known of the need to provide adequate warnings concerning the use of the coffee pods.

181.    Defendant, Whole Foods, had a duty to provide reasonable warning of the danger involved

in the use of the coffee pods and failed to provide the public, including Plaintiff, notice of the danger involved.

182. As a direct and proximate result of the foregoing, Plaintiff suffered injury including severely painful and disfiguring burns to the body, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

**WHEREFORE**, Plaintiff, REGINALD AUGUSTE, demands judgment against Defendant, WHOLE FOODS, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

## COUNT XXIV – PRODUCT LIABILITY - DESIGN DEFECT AGAINST WHOLE FOODS

183. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-27 as if fully set forth herein.

184. Defendant, Whole Foods, designed, manufactured, assembled, tested, inspected, distributed, marketed and/or sold the coffee pods.

185. On or about July 16, 2024, Plaintiff used the coffee pods in the manner intended and/or foreseeably intended, when the coffee pods failed, exploded and/or otherwise caused injury to Plaintiff.

186. Upon information and belief, the coffee pods was defectively designed and was not safe to be used for the purposes intended, to make a coffee and was unreasonably dangerous when it left the possession of the Defendant.

187. Defendant, Whole Foods, knew or should have known similar products designed by Defendant are the same, and they all have a design feature that is in itself defective and dangerous.

188. Defendant, Whole Foods, had a duty to provide reasonable warning of the danger involved in the use of the coffee pods and failed to provide the public, including Plaintiff, notice of the danger involved.

189. As a direct and proximate result of the foregoing, Plaintiff suffered injury including

severely painful and disfiguring burns to the body, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

**WHEREFORE**, Plaintiff, REGINALD AUGUSTE, demands judgment against Defendant, WHOLE FOODS, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

**COUNT XXV – PRODUCT LIABILITY - MANUFACTURING DEFECT
AGAINST WHOLE FOODS**

190.    Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-27 as if fully set forth herein.

191.    Defendant, Whole Foods, designed, manufactured, assembled, tested, inspected, distributed, marketed and/or sold the coffee pods.

192.    On or about July 16, 2024, Plaintiff used the coffee pods in the manner intended and/or foreseeably intended, when the coffee pods failed, exploded and/or otherwise caused injury to Plaintiff.

193.    Upon information and belief, the coffee pods was manufactured in a defective manner and was not safe to be used for the purposes intended, to make coffee and was unreasonably dangerous to consumers, including Plaintiff.

194.    Defendant, Whole Foods, knew or should have known of the dangerous nature of the coffee pods when Defendant placed the coffee pods into the stream of commerce.

195.    Defendant, Whole Foods, had a duty to provide reasonable warning of the danger involved in the use of the coffee pods and failed to provide the public, including Plaintiff, notice of the danger involved.

196.    As a direct and proximate result of the foregoing, Plaintiff suffered injury including severely painful and disfiguring burns to the body, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the

losses and impairment in the future.

## COUNT XXVI– PRODUCTS/STRICT LIABILITY AGAINST
## AMAZON.COM, INC.

197.    Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-27 as if fully set forth herein.

198.    At all relevant times, Defendant Amazon.com. was in the business of designing, manufacturing, inspecting, testing, distributing, selling and/or marketing coffee pods and did design, manufacture, inspect, test, distribute, sell and/or market the coffee pods giving rise to the subject Complaint.

199.    The coffee pods failed to perform in a manner reasonably expected in light of its nature and intended function when it failed and caused severe injuries.

200.    The coffee pods had not been misused post-sale before it failed.

201.    The coffee pods was within its anticipated useful life when it failed.

202.    The coffee pods failure was such that would not have occurred in the absence of a defect or unreasonably dangerous condition within it.

203.    Specifically, the coffee pods was unreasonably dangerous and/or defective in that:

a.    it was dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases and/or uses it, with the ordinary knowledge common to the community as to its characteristics; and/or

b.    a reasonably prudent manufacturer would not have put it on the market assuming that manufacturer knew of its dangerous condition.

204.    That unreasonably dangerous condition and/or defect proximately caused injury including severely painful and disfiguring burns to the face, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment.

205.    Therefore, Defendant Amazon.com is liable to Plaintiff for the aforementioned injuries caused by the defective coffee pods.

**WHEREFORE**, Plaintiff, REGINALD AUGUSTE, demands judgment against Defendant,

Amazon.com, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

### COUNT XXVII– NEGLIGENCE AGAINST AMAZON.COM, INC.

206. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-27 as if fully set forth herein.

207. Defendant Amazon.com owed Plaintiff, as well as the public at large, the duty of reasonable care in designing, manufacturing, testing, inspecting, distributing, selling and/or marketing the coffee pods, and/or to adequately warn of dangers presented by the product's design.

208. Defendant Amazon.com knew, or in the existence of ordinary care, should have known, that the coffee pods was defective and unreasonably dangerous to those persons likely to use the product for the purpose and in the manner for which it was intended to be used.

209. Alternatively, Defendant Amazon.com knew, or in the exercise of ordinary care should have known, of the means of designing, manufacturing and/or marketing the coffee pods such that the type of incident and resulting injuries and damages as described herein would have been prevented.

210. Alternatively, Defendant Amazon.com had actual or constructive knowledge of the means of designing a coffee pods that would not be inadequate and dangerous, and notwithstanding this knowledge, Defendant Amazon.com failed to adequately design, equip and/or manufacture the coffee pods.

211. Alternatively, Defendant Amazon.com negligently failed to give adequate or proper warnings or instructions, and/or failed to make appropriate post-marketing efforts to prevent known incidents, such as the one included herein.

212. Alternatively, Defendant Amazon.com failed to prudently design, manufacture, test, inspect, market and/or sell the coffee pods, and/or failed to include a reasonable and safer alternative to the subject defective condition.

213. As a direct and proximate result of Defendant Amazon.com's negligence, Plaintiff suffered injury including severely painful and disfiguring burns to the face, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and

medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

**WHEREFORE**, Plaintiff, REGINALD AUGUSTE, demands judgment against Defendant, Amazon.com, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

### COUNT XXVIII– BREACH OF EXPRESS WARRANTY AGAINST AMAZON.COM, INC.

214.    Plaintiff realleges and reasserts the allegations contained in Paragraphs 1-27 as if fully set forth herein.

215.    Defendant Amazon.com designed, manufactured, assembled, distributed, inspected, tested and/or sold the coffee pods.

216.    Defendant Amazon.com expressly warranted that the coffee pods was safe for ordinary use when used in compliance with the instructions provided.

217.    Defendant Amazon.com's affirmations regarding the safety of its product formed a basis of the bargain for Plaintiff without which Plaintiff would not have purchased and/or used the coffee pods.

218.    The coffee pods did not conform to Defendant Amazon.com's affirmations regarding safety.

219.    As a direct and proximate result of Defendant Amazon.com's breach of express warranties, Plaintiff suffered injury including severely painful and disfiguring burns to the face, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

**WHEREFORE**, Plaintiff, REGINALD AUGUSTE, demands judgment against Defendant, Amazon.com, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

### COUNT XXIX – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY AGAINST AMAZON.COM, INC.

220.    Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-27 as if fully set

forth herein.

221.    Defendant Amazon.com at all relevant times designed, manufactured, assembled, tested, inspected, distributed, marketed and/or sold the coffee pods.

222.    Defendant Amazon.com impliedly warranted that the coffee pod was merchantable, fit for the ordinary purpose for which it was sold or used, was of fair average quality as to pass without objection in the trade, and conformed to Amazon.com's own affirmations regarding the coffee pod's safety features and overall safe condition.

223.    Defendant Amazon.com breached their implied warranty of merchantability, as the product did not conform to Defendant Amazon.com's affirmations regarding the safety features and overall safe condition of the coffee pods, the coffee pods was not fit for the ordinary purpose for which it was sold or used, and/or was not of fair average quality so as to pass without objection in the trade.

224.    As a direct and proximate result of Defendant Amazon.com's breach of the implied warranty of merchantability, Plaintiff suffered injury including severely painful and disfiguring burns to the face, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

**WHEREFORE**, Plaintiff, REGINALD AUGUSTE, demands judgment against Defendant, Amazon.com, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

### COUNT XXX – BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE AGAINST AMAZON.COM, INC.

225.    Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-27 as if fully set forth herein.

226.    Defendant Amazon.com designed, manufactured, assembled, tested, inspected, distributed, marketed and/or sold the coffee pods.

227.    In selling the coffee pods to Plaintiff, Defendant Amazon.com, through its agents, servants, employees, and apparent agents, acting within the scope of their employment, authority, or apparent

authority, made representations and promotions concerning the particular purpose to which Plaintiff would put the coffee pods to use and knew or should have known of the particular purpose to which Plaintiff would put the product to use.  Defendant Amazon.com impliedly warranted that the product would be fit for such particular purpose.

228.    Defendant Amazon.com breached its implied warranty of fitness for a particular purpose, as the coffee pods did not conform to Defendant Amazon.com's affirmations regarding its product being fit for such particular purpose.  The coffee pod's malfunctioning safety features and overall unsafe condition rendered it unfit for that purpose.

229.    As a direct and proximate result of Defendant Amazon.com's breach of the implied warranty of fitness for a particular purpose, Plaintiff suffered injury including severely painful and disfiguring burns to the face, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

**WHEREFORE**, Plaintiff, REGINALD AUGUSTE, demands judgment against Defendant, Amazon.com, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

### COUNT XXXI – FAILURE TO WARN AGAINST AMAZON.COM, INC.

230.    Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-27 as if fully set forth herein.

231.    Defendant Amazon.com designed, manufactured, assembled, tested, inspected, distributed, marketed and/or sold the coffee pods.

232.    On or about July 16, 2024, Plaintiff used the coffee pods in the manner intended and/or foreseeably intended, when the coffee pods failed, exploded and/or otherwise caused injury to Plaintiff.

233.    Upon information and belief, the coffee pods was manufactured in a defective manner, was defectively designed, failed to have adequate and proper warnings or instructions, was not safe to be used for the purposes intended, and/or was inherently and/or unreasonably dangerous.

234.     Defendant Amazon.com knew or should have known of the dangerous nature of the coffee pods by virtue of its business, and/or knew or should have known of the need to provide adequate warnings concerning the use of the coffee pods.

235.     Defendant Amazon.com had a duty to provide reasonable warning of the danger involved in the use of the coffee pods and failed to provide the public, including Plaintiff, notice of the danger involved.

236.     As a direct and proximate result of the foregoing, Plaintiff suffered injury including severely painful and disfiguring burns to the face, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

**WHEREFORE**, Plaintiff, REGINALD AUGUSTE, demands judgment against Defendant, Amazon.com, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

## COUNT XXXII – PRODUCT LIABILITY - FAILURE TO WARN AGAINST AMAZON.COM, INC.

237.     Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-27 as if fully set forth herein.

238.     Defendant, Amazon.com, designed, manufactured, assembled, tested, inspected, distributed, marketed and/or sold the coffee pods.

239.     On or about July 16, 2024, Plaintiff used the coffee pods in the manner intended and/or foreseeably intended, when the coffee pods failed, exploded and/or otherwise caused injury to Plaintiff.

240.     Upon information and belief, the coffee pods was manufactured in a defective manner, was defectively designed, failed to have adequate and proper warnings or instructions, was not safe to be used for the purposes intended, and/or was inherently and/or unreasonably dangerous.

241.     Defendant, Amazon.com, knew or should have known of the dangerous nature of the coffee pods by virtue of its business, and/or knew or should have known of the need to provide adequate warnings

concerning the use of the coffee pods.

242.  Defendant, Amazon.com, had a duty to provide reasonable warning of the danger involved in the use of the coffee pods and failed to provide the public, including Plaintiff, notice of the danger involved.

243.  As a direct and proximate result of the foregoing, Plaintiff suffered injury including severely painful and disfiguring burns to the body, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

**WHEREFORE**, Plaintiff, REGINALD AUGUSTE, demands judgment against Defendant, Amazon.com, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

## COUNT XXXIII– PRODUCT LIABILITY - DESIGN DEFECT AGAINST AMAZON.COM, INC.

244.  Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-27 as if fully set forth herein.

245.  Defendant, Amazon.com, designed, manufactured, assembled, tested, inspected, distributed, marketed and/or sold the coffee pods.

246.  On or about July 16, 2024, Plaintiff used the coffee pods in the manner intended and/or foreseeably intended, when the coffee pods failed, exploded and/or otherwise caused injury to Plaintiff.

247.  Upon information and belief, the coffee pods was defectively designed and was not safe to be used for the purposes intended, to make a coffee and was unreasonably dangerous when it left the possession of the Defendant.

248.  Defendant, Amazon.com, knew or should have known similar products designed by Defendant are the same, and they all have a design feature that is in itself defective and dangerous.

249.  Defendant, Amazon.com, had a duty to provide reasonable warning of the danger involved in the use of the coffee pods and failed to provide the public, including Plaintiff, notice of the danger

involved.

250.    As a direct and proximate result of the foregoing, Plaintiff suffered injury including severely painful and disfiguring burns to the body, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

**WHEREFORE**, Plaintiff, REGINALD AUGUSTE, demands judgment against Defendant, Amazon.com, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

### COUNT XXXIV – PRODUCT LIABILITY - MANUFACTURING DEFECT AGAINST AMAZON.COM, INC.

251.    Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-27 as if fully set forth herein.

252.    Defendant, Amazon.com, designed, manufactured, assembled, tested, inspected, distributed, marketed and/or sold the coffee pods.

253.    On or about July 16, 2024, Plaintiff used the coffee pods in the manner intended and/or foreseeably intended, when the coffee pods failed, exploded and/or otherwise caused injury to Plaintiff.

254.    Upon information and belief, the coffee pods was manufactured in a defective manner and was not safe to be used for the purposes intended, to make coffee and was unreasonably dangerous to consumers, including Plaintiff.

255.    Defendant, Amazon.com, knew or should have known of the dangerous nature of the coffee pods when Defendant placed the coffee pods into the stream of commerce.

256.    Defendant, Amazon.com, had a duty to provide reasonable warning of the danger involved in the use of the coffee pods and failed to provide the public, including Plaintiff, notice of the danger involved.

257.    As a direct and proximate result of the foregoing, Plaintiff suffered injury including severely painful and disfiguring burns to the body, and resulting pain and suffering, disability, mental

anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

**WHEREFORE**, Plaintiff, REGINALD AUGUSTE, demands judgment against Defendant, Amazon.com, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Florida Rules of Civil Procedure 1.430, Plaintiff demands a jury trial for all issues so triable.

Signed on 12/12/2025.

**LAW OFFICES OF JASON TURCHIN**
Attorney for Plaintiff
2883 Executive Park Drive, Ste. 103
Weston, FL 33331
Telephone:      954-659-1605 x 210
Facsimile:      954-659-1380


 By:     */s/ Jason Turchin*
JASON TURCHIN, ESQUIRE
Jason@victimaid.com